UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HERBY JEAN,

        Plaintiff,

v.

HRA; HELP MEYER'S ALL MEN SHELTER; CHRIS ANDERSON; 25TH PRECINCT; NYC CIVIL COMPLAINT REVIEW BOARD (CCRB); 52 PRECINCT; JEROME AVENUE ALL MEN SHELTER; BLAKE AVE ALL MEN SHELTER,

        Defendants.

**TRANSFER ORDER**
24-CV-04591 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Herby Jean brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. ECF No. 1 at 4–9.[1] Plaintiff's handwritten Complaint is hard to decipher. As best the Court can discern, Plaintiff alleges violations involving: (i) deprivation of housing, *id.* at 5; (ii) interactions with NYPD officers from the 25th and 52nd Precincts, *id.* at 5–7; (iii) a complaint regarding an alleged attack involving NYPD officers, which was reviewed by the NYC Civilian Complaint Review Board, *id.* at 7; and (iv) alleged altercations at Help Meyer's All Men Shelter, Jerome Avenue All Men's Shelter, *id.* at 7, and Blake Avenue All Men's Shelter, *id.* at 8. For the reasons discussed below, the action is transferred to the United States District Court for the Southern District of New York.

**DISCUSSION**

    Under 28 U.S.C. § 1391(b), a civil action may be brought in:

        (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in

---

[1]     The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

>which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Even if a case is filed in a jurisdiction where venue may be proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see Corley v. United States*, 11 F.4th 79, 89–90 (2d Cir. 2021) (affirming *sua sponte* transfer of case).[2]

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *See Keitt v. New York City*, 882 F. Supp. 2d 412, 459–60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). "These factors are non-exclusive and the relative weight of each factor depends on the particular circumstances of the case." *Mulgrew v. U.S. Dep't of Transp.*, No. 24-cv-81, — F. Supp. 3d —, 2024 WL 665948, at *3 (E.D.N.Y. Feb 17, 2024); *see also D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience are considered on a case-by-case basis.").

---

[2]   Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

Of these factors, the convenience of the forum for witnesses "is probably considered the single most important factor" when weighing a venue transfer. *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006). "The location of operative events is also a primary factor" when considering a transfer under Section 1404(a). *United States v. Anthem Inc.*, No. 20-cv-2593, 2022 WL 4815978, at *3 (S.D.N.Y. Sept. 30, 2022); *see also Eres N.V. v. Citgo Asphalt Ref. Co.*, 605 F. Supp. 2d 473, 481 (S.D.N.Y. 2009) (same). "To determine where the locus of operative facts lies, courts look to the site of events from which the claim arises." *Flood v. Carlson Rests. Inc.*, 94 F. Supp. 3d 572, 578 (S.D.N.Y. 2015); *see also Totonelly v. Cardiology Assocs. of Corpus Christi, Inc.*, 932 F. Supp. 621, 623 (S.D.N.Y. 1996) ("The core determination under § 1404(a) is the center of gravity of the litigation . . . . Courts routinely transfer cases where the principal events occurred, and the principal witnesses are located in another district.").

The Court finds transfer of this action to the Southern District of New York to be appropriate. Although events occurring at Blake Avenue Shelter occurred in the Eastern District, Plaintiff's remaining allegations center around altercations and interactions that occurred with individual Defendants located in New York County or Bronx County, or at Defendant facilities located in New York County or Bronx County. ECF No. 1 at 5–8. Because a substantial part of the operative events giving rise to Plaintiff's claim occurred in the Southern District, it is likely that the bulk of discovery would occur in the Southern District, many witnesses would reside in the Southern District, and it would not pose great burden for those witnesses or parties who resided in the Eastern District to travel to the Southern District. *See Hall v. S. Orange*, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) (transferring case to District of New Jersey because "although some events giving rise to plaintiff's claims occurred in the Southern District, a

substantial part of the events also occurred in Newark, New Jersey"); *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 331 (S.D.N.Y. 2016) ("[T]ransfer is not precluded where the operative facts have some connection to the initial forum so long as the transferee district has a stronger connection with the operative facts."). The Court therefore transfers this case to the Southern District of New York.

## **CONCLUSION**

Accordingly, in the interest of justice, the Clerk of Court is hereby directed to transfer this action to the United States District Court for the Southern District of New York. 28 U.S.C. §§ 112(b), 1404(a).

The decision on Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is reserved for the transferee Court. The Court offers no opinion on the merits of the action. That provision of Local Rule 83.1 which requires a seven-day stay is hereby waived. Summonses shall not issue from this Court. The Clerk of Court is respectfully directed to close this case and to mail a copy of this Order to Plaintiff, noting the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

                                            */s/ Hector Gonzalez*
                                             HECTOR GONZALEZ
                                             United States District Judge

Dated: Brooklyn, New York
       July 11, 2024